UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 96-CR-20073-01 |
| ) | |
| SEAN A. STEVENSON, ) | |
| ) | |
| Defendant. ) | |

**OPINION**

On December 23, 1997, a sentencing hearing was held and Defendant, Sean A. Stevenson, was sentenced to a term of 240 months in the Federal Bureau of Prisons for a crack cocaine offense. On March 12, 1999, Defendant's sentence was lowered to a term of 180 months pursuant to the Government's motion under Rule 35 of the Federal Rules of Criminal Procedure.

On March 21, 2008, Defendant, through his counsel, Leonard F. Sacks, filed a Motion to Reduce Sentence (#58) based on the retroactive amendment to the sentencing guideline range regarding crack cocaine sentencing. On March 27, 2008, this court entered a text order and directed the Government to file a response to the Motion to Reduce Sentence. On June 16, 2008, the Government filed a lengthy, detailed Response (#59). The Government thoroughly set out the facts of the case and thoroughly discussed the amendment in question, Amendment 706. The Government stated that Defendant is not eligible for a sentence reduction because he is currently serving a term of imprisonment based solely on the statutory mandatory minimum for his conviction and not based in any way on the United States Sentencing Guidelines, to which the amendment applies. On June 19, 2008, this court entered a text order and directed Defendant to file a Reply to the Government's Response by July 11, 2008. Defendant did not file a Reply and the time allowed for doing so has passed.

This court agrees with the Government that a reduction in sentence cannot be granted where

the amendment does not have the effect of lowering the defendant's applicable guideline range. This court has carefully reviewed the record in this case. Following this careful review, this court concludes that the Government is correct that Defendant was sentenced based upon the applicable statutory mandatory minimum sentence, not the sentencing guidelines. Therefore, because Defendant was sentenced based upon the applicable statutory mandatory minimum sentence, he cannot receive a reduction in his sentence based upon the retroactive amendment to the sentencing guideline range regarding crack cocaine sentencing. See United States v. Johnson, 517 F.3d 1020, 1024 (8th Cir. 2008).

    IT IS THEREFORE ORDERED THAT:

    (1) Defendant's Motion to Reduce Sentence (#58) is DENIED.

    (3) Defendant has 10 days from the date of this court's order to file a Notice of Appeal with the clerk of this court.

    ENTERED this 22nd day of July, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE